CAMPBELL, Acting Chief Judge.
This is a dispute over the ownership of certain submerged lands lying beneath the boat docks and mooring spaces adjacent to Landings on Lemon Bay, a condominium complex. Appellant, LLB Acquisitions, Inc. (LLB), argued that it acquired title by way of a mortgage foreclosure on the property, and appellees maintained that they acquired title pursuant to the Declaration of Condominium. The trial court entered summary final judgment in favor of appellees, finding that the lands were part of the common elements of the condominium and, as such, were owned by the appellee unit owners. We affirm.
Phases I and II of the condominium were completed by the “developer” Wyn-ward Pines, Inc. LLB subsequently acquired title to the undeveloped portions of the condominium property as a result of a mortgage foreclosure. The parties do not dispute that the title to the twenty-four units contained in Phase I, Phase II, and the common elements appurtenant thereto were conveyed to the appellee unit owners. The only issue before the trial court was whether the submerged lands and the boat dock moorings were conveyed as a part of the common elements. The trial judge found that they were, and we agree.
The resolution of this case depends entirely upon an interpretation of the various deeds of conveyance and condominium documents. While the actual deed documents and mortgage releases that involve the legal description of the real property involved are not artfully drawn, it is possible to discern from those documents, together with the Declaration of Condominium and the Prospectus required by section 718.504, Florida Statutes (1985), the clear intent of the developer to include within the common elements of the condominium the boat docks and mooring spaces that were constructed in connection with Phases I and II. The Declaration of Condominium provides in pertinent part as follows:
[5.] D. Common Elements — the portions of the condominium property not included in the units as defined in Fla. Statute 718.108, including:
(.1) The land.
(.2) All improvements and portion of improvements not included within a unit as hereinafter bounded.
(.3) Easements.
⅜ ⅜ ⅜ ⅜
G. Condominium Documents — means the declaration and its exhibits, which set forth the nature of the property rights in the condominium and the covenants running with the land which govern these rights. All the condominium documents shall be subject to the provisions of the declaration. The exhibits annexed hereto as constituted and as the same may from time to time be amended are:
THE SURVEYORS PLANS which are recorded in Condominium Book 5, Page 37A-M, Public Records of Charlotte County, Florida, a copy of which is attached hereto as Exhibit “A.”
Exhibit “B” THE ARTICLES OF INCORPORATION OF LANDINGS ON LEMON BAY PROPERTY OWNERS ASSOCIATION, INC.
Exhibit “C” THE BYLAWS OF LANDINGS ON LEMON BAY PROPERTY OWNERS ASSOCIATION, INC.
Exhibit “D” THE RULES AND REGULATIONS OF LANDINGS ON LEMON BAY PROPERTY OWNERS ASSOCIATION, INC.
H. Condominium Parcel — means a unit, together with the undivided share *651 in the common elements which is appurtenant to the unit.
⅜ * ⅝ *
[6.] E. Appurtenances — The ownership of each unit shall include, and there shall pass as appurtenances thereto whether or not separately described, all of the right, title and interest of a unit owner in the condominium property which shall include but not be limited to:
(.1) Common Elements — the undivided one twelfth (l/12th) share in the land, other common elements and in the common surplus appurtenant to each unit.
(.2) Easements for the benefit of the unit.
(.3) Association membership and interest in funds and assets held by the association.
(.4) Provided, however, that such appurtenances shall be subject to the easement for the benefit of other units and the Association.
⅜ * ⅜ ⅜
K. Common Elements — The ownership and use of the common elements shall be governed by the following provisions:
(.1) Shares of Unit Owners — the share of unit owners in the common elements as stated in this Declaration may be altered only by amendment of the Declaration executed by all of the owners of the shares concerned, in accordance with the formalities of a deed (with joinder of spouses). No such changes shall affect the lien of prior recorded mortgages, without the written consent of the lienholder.
(.2) Appurtenant To Units — the share of the unit owner in the common elements is appurtenant to the unit owned by him. None of the appurtenances may be separated from the unit to which they appertain, and all of the appurtenances shall be deemed to be conveyed or encumbered or otherwise pass with the unit, whether or not expressly mentioned or described in conveyance or other instrument describing the unit.
(.3) Covenant Against Partition — in order to preserve the condominium, the common elements shall remain undivided and no unit owner nor any other person shall bring any action for partition or division of the whole or any part thereof.
⅜ * * *
[C.] 19. OWNERSHIP OF COMMON ELEMENTS. All reference in this Declaration or its exhibits to a unit owner’s share of the condominium, its common elements, common surplus, assets, or liabilities shall be as follows:
Upon completion of Phase I, the condominium will consist of twelve (12) units, each unit sharing a one twelfth (l/12th) ownership in the common elements and a one twelfth (l/12th) share of the common expenses. If Phase II is completed, each unit will have a one twenty-fourth (l/24th) ownership in the common elements and common expenses. If Phase III is completed, each unit will have a minimum of one thirty-sixth (l/36th) or a maximum of one thirty-fifth (l/35th) ownership in the common elements and common expenses. If Phase IV is completed, each unit will have a minimum of one forty-ninth (l/49th) or a maximum of one forty-seventh (l/47th) ownership in the common elements and common expenses. If Phase V is completed, each unit will have a minimum of one sixty-first (l/61st) or a maximum of one fifty-eighth (l/58th) ownership in the common elements and common expenses. If Phase VI is completed, each unit will have a minimum of one seventy-third (l/73rd) or a maximum of one sixty-ninth (l/69th) ownership in the common elements and common expenses. If Phase VII is completed, each unit will have a minimum of one eighty-eighth (l/88th) or a maximum of one eighty-fourth (l/84th) ownership *652 in the common elements and common expenses.
The pertinent provisions of the Prospectus are as follows:

DESCRIPTION OF PROPERTY

1. NAME: The name of the condominium is Landings on Lemon Bay, A Condominium, which is located at the intersection of County Road No. 775 and Oregon Trail, Grove City, Charlotte County, Florida.
2. PROJECT DESCRIPTION: The condominium is proposed to include seven (7) phases containing a total of eighty-eight (88) units located on approximately 5.91 acres of land with approximately two hundred eighty feet (280’) frontage on County Road 775 and approximately one thousand forty feet (1,040’) frontage on Oregon Trail and seventeen hundred fifty feet (1,750) frontage on Lemon Bay and Oyster Creek.
⅜ ⅜ ⅜ ⅜
The condominium also will include dock walkways and mooring spaces for fifty-nine (59) boats. The boat dock system will be included in the common elements of the condominium and maintenance and reserve for capital improvements thereto will be the responsibility of unit owners as their share of the common elements appears from time to time.
[[Image here]]
Although the developer intends to do so, the developer does not commit to build Phases II through VII. In fact, the developer, in its sole and exclusive discretion, will make the determination that Phases II through VII will be constructed if, as and when economic, marketing and regulatory conditions and controls may dictate.
[[Image here]]
The maximum number of units that will use facilities in common with the condominium is eighty-eight (88). The impact of the construction of Phases II through VII will be to increase the total number of persons using the common facilities, thereby increasing the total amount of common expenses.
¾: ⅜ ⅜ ⅜
5. COMMON AMENITIES AND FACILITIES: Upon completion of Phase I, the following facilities will also be completed:
⅜ ⅜ ⅜ ⅜
C. BOAT DOCKS AND MOORING SPACES: Walkways and mooring spaces for fifty-nine (59) boats are completed.
⅜ ⅜ ⅜ ⅜
18. COMMON OWNERSHIP AND EXPENSE: Upon completion of Phase I, the condominium will consist of twelve (12) units, each unit sharing a one twelfth (l/12th) ownership in the common elements and a one twelfth (l/12th) share of the common expenses. If Phase II is completed, each unit will have a one twenty-fourth (l/24th) ownership in the common elements and common expenses.
It is clear to us, as it was with the trial judge, that the unit owners in each phase of development were to be proportionate owners of the common elements and that the common elements included the boat docks and mooring spaces and the submerged lands beneath them.
The judgment is affirmed.
PARKER and SALCINES, JJ., Concur.